UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

   Plaintiff,

   v.             CAUSE NO.: 3:19-CV-471-JD-MGG

OFFICER SHADE, et al.,

   Defendants.

OPINION AND ORDER

Joshua Taylor, a prisoner without a lawyer, filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Taylor alleges that, on September 29, 2018, Sergeant Kendall and Officer Armstrong approached him as he was receiving breathing treatment in the medical unit and told him that they would be escorting him back to his dormitory. When Taylor responded by asking for a lieutenant, Officer Armstrong

threatened him by pointing a taser at him. Officer Shade joined Sergeant Kendall and Officer Armstrong after they arrived with Taylor at his dormitory. Taylor repeated his request to see a lieutenant, and they left the dormitory. Taylor then approached the entryway to the dormitory and asked for a lieutenant or captain. Sergeant Smith gave him permission to speak to some other inmates on the other side of the dormitory so that he could calm himself. As Taylor conversed with these inmates, Sergeant Kendall, Officer Armstrong, and Officer Shade ordered Taylor to return to his side of the dormitory. Instead, Taylor laid on the ground and asked for a captain. Sergeant Kendall, Sergeant Armstrong, and Officer Shade ordered Taylor to cuff up, and he complied. Officer Shade then escorted Taylor to his cell and ordered Taylor to get on his knees so that he could remove the handcuffs. When Taylor refused, Officer Shade kicked him in the back of his leg.

Taylor asserts an Eighth Amendment claim for excessive force against Officer Shade. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Based on the allegation that Officer Shade kicked Taylor, the amended complaint states a plausible Eighth Amendment claim of excessive force against Officer Shade.

Next, Taylor asserts an Eighth Amendment claim against Sergeant Kendall for denying Taylor's request for breathing treatment later on September 29, 2018, which caused him to faint during dinner the following day. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The amended complaint states a plausible Eighth Amendment claim against Sergeant Kendall for deliberate indifference to serious medical needs.

Taylor also names Officer Armstrong and Sergeant Smith as defendants, but it is unclear how the allegations about these defendants amount to a constitutional violation. The amended complaint does not suggest that these defendants issued any unlawful orders, used force against Taylor, or were present when Officer Shade used force at Taylor's cell. Though Officer Armstrong pointed a taser at Taylor, correctional staff are generally entitled to use or threaten force to obtain compliance with orders, *see Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984), and Taylor cannot assert a valid excessive force claim against Officer Armstrong based on a mere threat. *See Hendrickson*, 589 F.3d at 890. Similarly, the amended complaint indicates that Sergeant Smith did nothing more than authorize Taylor to speak with inmates on the other side of his dormitory. Therefore, these defendants are dismissed.

For these reasons, the court:

(1) GRANTS Joshua Taylor leave to proceed on an Eighth Amendment claim for money damages against Officer Shade for using excessive force against him on September 29, 2018;

(2) GRANTS Joshua Taylor leave to proceed on an Eighth Amendment claim for money damages against Sergeant Kendall for acting with deliberate indifference to his serious medical needs by refusing his request for breathing treatment on September 29, 2018;

(3) DISMISSES Officer Armstrong and Sergeant Smith;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Shade and Sergeant Kendall at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 13) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Shade and Sergeant Kendall respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Joshua Taylor has been granted leave to proceed in this screening order.

SO ORDERED on October 30, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT