UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

    Plaintiff,

    v.                                     CAUSE NO.: 3:19-CV-471-JD-MGG

OFFICER SHADE AND SGT. KENDELL,

    Defendants.

OPINION AND ORDER

    Joshua Taylor, a prisoner without a lawyer, proceeds on Eighth Amendment claims against Defendants Officer Shade and Sgt. Kendell. Taylor claims Officer Shade used excessive force against him and claims Sgt. Kendell acted with deliberate indifference to his serious medical needs by refusing his request for breathing treatment. Both claims arise from events that occurred on September 29, 2018, at the Miami Correctional Facility. Defendants moved for summary judgment, arguing that Taylor failed to exhaust his administrative remedies because he did not complete the grievance process with respect to his claims against them. (ECF 32 at 3-6.)

    In a declaration, Shelby Decker, a Grievance Specialist employed by the Indiana Department of Corrections ("IDOC") attested that a grievance process is available to inmates and is explained to them at orientation. (ECF 33-1 at 1-5.) This policy sets forth a four-step grievance process. (ECF 33-2 at 8-13.) First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. (*Id.*) If the inmate is unable to resolve the complaint

1

informally, he may file a formal grievance with the Grievance Specialist ten days from the date of the incident giving rise to the complaint. (*Id.*) If an inmate is dissatisfied with the Grievance Specialist's determination on a formal grievance, he may file an appeal with the Warden or his designee within five days of receiving the grievance response. (*Id.*) Finally, if an inmate is dissatisfied with the Warden's determination, he may file an appeal with the Department Grievance Manager within five days of receipt of the Warden's appeal response. (*Id.*) Only after an appeal with the Department Grievance Manager has a prisoner fully exhausted all administrative remedies.

According to Decker's declaration, Taylor has not properly filed a grievance form regarding the claims in this lawsuit. (ECF 33-1 at 4.) Taylor provided records which show on October 10, 2018, he submitted a formal grievance with respect to the events that occurred eleven days earlier, on September 29, 2018. (ECF 37-1 at 3.) Grievance Officer S. Morson returned the grievance to Taylor on October 18, 2018, for submitting the form too late and for failing to indicate that he had attempted to resolve the matter informally. (*Id.* at 2.) Taylor had five days to correct the issues with his formal grievance form by resubmitting a grievance with an explanation for the delay and information regarding the informal grievance attempt. (*Id.*) Taylor requested interviews with IDOC employees T. Riggle, on October 30, 2018, and S. Morson, on November 18, 2018, pertaining to his grievance form (*id.* at 7), but never resubmitted a proper formal grievance form. Taylor acknowledged in his response that he had not exhausted his administrative remedies but rather that he "tried his best to file a grievance." (ECF 37 at 3.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

A prisoner is not required to exhaust administrative remedies prior to bringing suit if remedies are not available to him. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). The unavailability of administrative remedies excuses a prisoner from the exhaustion doctrine where affirmative misconduct or omissions by prison personnel prevents a prisoner from exercising such remedies. *Id*. "Prison officials must not take unfair advantage of the exhaustion requirement" of the Prison Litigation Reform Act. *Dole*, 438 F.3d at 809.

Here, the undisputed record demonstrates that Taylor never properly submitted a formal grievance form regarding the claims of excessive force and deliberate indifference to his medical needs. Taylor maintains that he tried his best to file a formal grievance but requesting interviews with IDOC employees is not the same as refiling a corrected formal grievance. Since Taylor did not refile a grievance form with an explanation for his untimeliness and with information regarding the informal grievance attempt, Taylor was not able to proceed with the grievance process. His attempt to exhaust administrative remedies does not meet the standard set by the Seventh Circuit, because the administrative remedy of refiling a correct grievance was available to him and made known to him. *See White v. Bukowski,* 800 F.3d 392, 397 (7th Cir. 2015) (remedies unavailable where prisoner was "[u]ninformed about any deadline for filing a grievance"). Taylor was informed that he must refile his formal grievance within five days to proceed with the grievance process and he did not refile. The Court finds that Taylor did not exhaust his available administrative remedies with respect to his claims

against Officer Shade and Sgt. Kendell. Therefore, the Defendants' Motion for Summary Judgment is granted.

For these reasons, the Court GRANTS the Motion for Summary Judgment with respect to Officer Shade and Sgt. Kendell (ECF 31) and DIRECTS the Clerk to enter judgment in their favor.

SO ORDERED on July 24, 2020

    /s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT